UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TERESA J. TAYLOR, | ) | CASE NO.  4:08 CV 0282 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| JASON MCCLAIN, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

Pro se plaintiff Teresa J. Taylor filed the above-captioned in forma pauperis action on February 5, 2008 against Jason McClain.[1]  The asserted basis for this court's jurisdiction is set forth in her complaint as follows: Federal Question/Jurisdiction 28 U.S.C. § 1331, U.S. Constitution 1, 4, 5, 7, 8, 9, 6, 13, 14 Amendments, International Human Rights 1-30, ADA, VAWA, U.S.C. 28, 42, 18 and Adam Walsh Laws. She is seeking $20 million in damages, as well as permanent custody of her minor child and supervised visitation between the child and the defendant.

*Background*

In September 2001, defendant McClain introduced himself to Ms. Taylor as a new resident of Ohio from Texas.  Some time thereafter, the two had "intercourse a handful of times," but after

---

[1]Effective March 20, 2008, Ms. Taylor was enjoined from filing any new cases in the United States District Court for the Northern District of Ohio, without seeking and obtaining leave to do so See Taylor v. Son, No. 4:08-cv-0047 (N.D. Ohio 2008)(Economus, J.).

she became "aware of Mr. McClain[']s abusive, violent, controlling behavior early on in the relationship . . . [she] refused to become exclusively involved with this man." (Compl. at 2.) Moreover, Ms. Taylor claims he exploited the fact that she suffered from a history of abuse in her relationships with spouses, boyfriends and family members, as well as being an epileptic.  The epilepsy required her to take a "very dangerous" drug that could cause birth defects in a fetus. As a result, she details her insistence that Mr. McClain avoid any possibility of impregnating her.

In October 2001, Mr. McClain allegedly raped the plaintiff with the intent of purposely impregnating her.  Although he was initially proud to tell family members he was the father of Ms. Taylor's unborn child, he eventually quit his job, lived off of Ms. Taylor's support and began denying his paternity in retaliation for Ms. Taylor ending their relationship.  Mr. McClain thereafter terminated all contact with Ms. Taylor, except to relay a telephone message that he would take custody of the child, but refused to raise him "as a father would."

Two years after the birth of the child, Ms. Taylor learned that Mr. McClain was the "favorite cousin of her ex-husband," Ritchie Frisby.  She alleges Mr. Frisby  had "violently abused and neglected both the plaintiff and the plaintiff's daughter."  (Compl. at 3.)  Ms. Taylor believes her ex-husband and his family conspired to set her up with Mr. McClain in an effort to further torture and harass her.

Ms. Taylor maintains that the defendant violated federal laws

> pertaining to child abuse, abandonment, neglect and abuse of a disabled person, that the defendant also violated the Violence Against Women Act with his intentional acts, with the forced rape and impregnation, with the verbal and emotional abuse, and that with his acts the defendant ALSO violated the plaintiffs and the minor child[']s International Human Rights as dictated by the Doctrine of International Human Rights, articles 1 -30.

2

(Compl.at 6-7.) She describes herself as developmentally disabled, as well as suffering from a number of physical ailments. Many of the problems from which Ms. Taylor suffers have allegedly resulted from years of emotional and physical abuse.

*Standard of Review*

Although <u>pro se</u> pleadings are liberally construed, <u>Boag v. MacDougall</u>, 454 U.S. 364, 365 (1982) (per curiam); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989); <u>Lawler v. Marshall</u>, 898 F.2d 1196 (6th Cir. 1990); <u>Sistrunk v. City of Strongsville</u>, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

Principles requiring generous construction of <u>pro se</u> pleadings are not without limits. <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. <u>Id.</u> at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a <u>pro se</u> plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." <u>Id.</u> at 1278.

---

[2]A claim may be dismissed <u>sua sponte</u>, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 608-09 (6th Cir. 1997); <u>Spruytte v. Walters</u>, 753 F.2d 498, 500 (6th Cir. 1985), <u>cert. denied</u>, 474 U.S. 1054 (1986); <u>Harris v. Johnson</u>, 784 F.2d 222, 224 (6th Cir. 1986); <u>Brooks v. Seiter</u>, 779 F.2d 1177, 1179 (6th Cir. 1985).

3

Further, legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences.  Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (A pleading will not be sufficient to state cause of action under Civil Rights Act if its allegations are but conclusions). Even liberally construed, the complaint does not contain allegations reasonably suggesting plaintiff might have a valid federal claim.[3]

Based on the foregoing, Ms. Taylor is granted leave to proceed in forma pauperis and this action is dismissed pursuant to §1915(e), but without prejudice as to any state law claims.  Further, the court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

DATED: April 28, 2008             /s/ John R. Adams
                                  JOHN R. ADAMS
                                  UNITED STATES DISTRICT JUDGE

---

[3]To the extent she is not otherwise barred by the statute of limitations, the court cannot address the propriety of any state law claims Ms. Taylor might have. This action is dismissed without prejudice to any such claims.

4